UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SYCUAN CASINO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01296-JES-SBC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITH PREJUDICE**<br><br>**[ECF No. 2, 3, 5]** |

Plaintiff William Allen Garrett ("Garrett") proceeding *pro se*, filed a complaint alleging breach of contract, fourteenth amendment and due process violations. *See* Compl. In addition, Garrett filed a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. Garrett further filed a motion for appointment of counsel (ECF No. 3), request for injunctive relief, and production of documents. ECF No. 5. Upon review, the Court **DENIES** Garrett's IFP request and **DISMISSES WITH PREJUDICE** Garrett's complaint under 28 U.S.C. § 1915(e).

**I.   PLAINTIFF'S ALLEGATIONS**

On April 27, 2024, Garrett states he won a $2,335 jackpot while at Sycuan Casino. Compl. at 1. It is unclear from the complaint, but at some point, prior to winning the

1

jackpot, Garrett alleges that he was instructed to leave the casino by a slot machine supervisor as he was accused of going into the women's restroom. Compl. at 2. On April 27, 2024, after winning the jackpot, Defendant Sycuan Casino[1] and a casino slot machine supervisor "confiscated" the jackpot and ordered Garrett to be escorted off the casino property. *Id*. at 3. Garrett was then informed that he was excluded from the casino for twelve months. *Id*. On May 28, 2024, Garrett received notice about his exclusion from the casino. *Id*. Garrett seeks injunctive relief and requests the Court to order Sycuan to pay the $2,335 jackpot immediately.

The complaint is not clear, but it appears Garrett is alleging a violation of 42 U.S.C. § 1983 and asserting a violation of his fourteenth amendment rights and due process rights.

## II.   LEGAL STANDARD

### A. *In Forma Pauperis* Application

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). Upon a showing of an inability to pay, a party may proceed, *in forma pauperis*, without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). The determination of indigency and thus whether to grant an IFP application is left to the discretion of the district court. *See Cal. Men's Colony, Unit II Men's Adv. Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the

---

[1] The Court presumes Garrett means to refer to the Sycuan Band of the Kumeyaay Nation, which is a "federally recognized tribe of Mission Indians from Southern California, located in an unincorporated area of San Diego County just east of El Cajon. The Sycuan band are a Kumeyaay tribe, one of the four ethnic groups indigenous to San Diego County." *See* https://en.wikipedia.org/wiki/Sycuan_Band_of_the_Kumeyaay_Nation (last visited August 10, 2024). Sycuan Casino is an Indian gaming casino owned by the Sycuan Tribe. *See* https://500nations.com/casinos/caSycuan.asp (last visited August 10, 2024).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, section 14 (eff. Dec. 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for the costs … and still be able to provide [for herself] and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Here, in support of Garrett's IFP request, he reports in his affidavit and his motion for appointment of counsel, self-employment monthly income of $500, disability income of $1,300, monthly expenses of $400 and debts of $800.46 to SDGE. ECF Nos. 2, 3. Based on the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *See Escobedo*, 787 F.3d at 1234. The motion for IFP is **DENIED**. The Court will now review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

**B. Screening Under 28 U.S.C. § 1915(e)**

When reviewing an IFP application, district courts must screen the complaint to ensure it states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To survive screening, all complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (recognizing that a complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory); *Barren v. Harrington*, 152

F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[T]he pleading standard … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. Thus, the "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id*. at 679; *see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### 1. Sovereign Immunity

The doctrine of tribal sovereign immunity provides that Indian Nations are exempt from suit "absent a clear waiver by the tribe or congressional abrogation." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991) (quoting *Cherokee Nation v. Georgia*, 30 U.S. 1, 17 (1831)). Indian tribes enjoy sovereign immunity over their business activities conducted in their territories. *Id*. at 510.

Garrett attempts to hold a casino slot manager supervisor liable in their official capacity for allegedly violating his constitution rights, but the manager is entitled to immunity. Sovereign immunity "protects tribal employees where a tribe's officials are sued in their official capacities" because such a suit would in effect be against the tribe. *See Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (citing *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2015)). Thus, absent a waiver of sovereign immunity, Garrett cannot sue Sycuan or any of its employees based on acts taken within the scope of their delegated tribal authority in federal court. *See Kennerly v. United States*, 721 F.2d 1252, 1258-59 (9th Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal courts] are without

jurisdiction"); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985).

Thus, the Court concludes Garrett's complaint must be dismissed *sua sponte* for failing to state claim upon which section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### III.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES with prejudice** Garrett's Complaint in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and the Court finds amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of … leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

**IT IS SO ORDERED.**

Dated:  August 13, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge